Argued and submitted January 3, city's motion to dismiss denied; petitioners' motion to strike denied; affirmed January 23, reconsideration denied April 24, petition for review allowed June 20, 1991 (311 Or 432)

Bill BECK,
Elza Beck, John Begin, Tami Begin, Jack Besso,
Judith Besso, Joanne Beyer, O.F. Beyer,
Martha Beyer, Nicki Heath, David Kehl,
Elizabeth Kehl, Byron Richardson, Linda Richardson,
Ken Seeger, Josephine Veltri, H.D. Weitman,
Martha Weitman, Robert Weeks and Elva Weeks,
*Petitioners,*

*v.*

CITY OF TILLAMOOK,
*Respondent.*

(LUBA 90-056; CA A67345)

805 P2d 144

Phillip E. Grillo, Portland, argued the cause and filed the brief for petitioners.

Douglas E. Kaufman, Tillamook City Attorney, Tillamook, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of LUBA's affirmance of the City of Tillamook's allowance of a conditional use permit for a homeless shelter. The challenged decision was made after petitioners had appealed and LUBA had remanded an earlier decision by the city to allow the shelter. Neither party sought our review of LUBA's decision in the first appeal. The city argues that some of petitioners' present assignments of error relate to matters that LUBA decided adversely to petitioners in the first appeal and that they are barred by *res judicata* from raising these issues now.[1] Petitioners respond that, for a number of reasons, *res judicata* should not be applied to LUBA cases generally or to this case in particular.

We begin by noting that we disagree with the parties' characterization of the issue. There is no issue of *res judicata* here: There is only one "case," which has been the subject of two LUBA appeals. *See Office Services Corp. v. CAS Systems, Inc.,* 63 Or App 842, 666 P2d 297, *rev den* 295 Or 773 (1983). More fundamentally, the question is not one of preclusion, but one of reviewability. Petitioners could have sought judicial review of LUBA's first decision, but did not. ORS 197.850. The issue now is whether we have authority to consider any errors that LUBA may have made in the first proceeding, not simply whether the city has a *res judicata* defense against the assertion of those errors. Much of the parties' analysis is

---

[1] The procedural vehicle through which city makes that argument is a motion to dismiss the two assignments that it considers to be precluded and to strike portions of petitioners' brief that rely on the record in the first appeal. For reasons that will be explained in the text, we regard the issue as one of reviewability. There is no need to "dismiss" any unreviewable assignments; it suffices to hold that they cannot provide a basis for reversal. We also disagree with city's limitation of its argument to the two assignments. By our reading, all but the last of petitioners' five assignments relate to matters that were decided in the first appeal.

The record of the first appeal was made part of the record on review here. Consequently, city's motion to strike the portions of petitioners' brief is not well taken. However, the fact that the record of the first appeal is before us does not make anything in that appeal reviewable, if it would otherwise not be. The scope of our review may have bearing on what is or should be included in the record; the opposite is not true.

Petitioners have moved to strike portions of city's brief that, they contend, refer to matters not in the record. However, those portions of the brief respond to assignments that we conclude are not reviewable.

couched in terms of *res judicata*. We will address their contentions without regard for the label, but our focus must be on reviewability.

Petitioners argue that the "common law doctrine of res judicata does not apply to judicial review" of land use cases. They assert, first, that the doctrine is inconsistent with the "so-called 'raise it or waive it' rule" of ORS 197.763, which petitioners understand as comprehensively defining when and whether new issues may be raised on appeal. We do not agree. ORS 197.763 relates to the preservation of issues and when issues may or may not be raised before LUBA that were not presented in the local proceedings from which the appeal is taken. *See* ORS 197.830(10). The question here is the very different one of whether issues that clearly could be and were raised before LUBA remain judicially reviewable in a petition for review of an order other than the one in which LUBA decided those issues.

Petitioners argue:

"As a practical matter, applying the doctrine of res judicata to land use cases in Oregon is contrary to the statutory policy of resolving land use disputes in a timely fashion, consistent with sound principles governing judicial review. See ORS 197.805. Applying this doctrine in a land use context is also contrary to the principles underlying the doctrine of res judicata itself, which are to facilitate prompt, orderly and fair problem resolution. * * *

"There is nothing in either the applicable land use statutes or applicable land use precedent in Oregon that requires a party who prevails at LUBA to exhaust all avenues of judicial review first, or be precluded from raising issues which it did not prevail upon at LUBA in the first instance, in subsequent judicial review of the remand. Such a policy would create more appeals, not less. If the City's theory is correct, and res judicata applies, this would have been Petitioners' second trip to the Court of Appeals, not its first. Having been partially victorious at LUBA in the first instance, Petitioners would have had to exhaust all of their arguments before the Court of Appeals, and perhaps further, before submitting to the partial remand. Then, once the remand occurred, if errors still existed and LUBA had not corrected them, Petitioners would once again be back in the Court of Appeals rearguing new issues raised by the remand. Tactically, from the City's standpoint, this would be a good result, since, at each step along the way,

the City's actions would be exhaustively subject to judicial review. However, from the standpoint of judicial economy and from the standpoint of the Petitioners, such a result would amount to a procedural and financial nightmare.

"After a partial remand from LUBA, the better procedure is to provide the parties with a choice, as is now the common practice. If neither party elects judicial review after LUBA's initial decision, and a remand on certain issues occurs, all issues may be revisited during the local government remand hearing."

We do not agree with petitioners' view of what facilitates either judicial economy or the prompt disposition of land use cases. Petitioners presuppose that judicial review of an initial LUBA remand to a local government will have no effect on the subsequent progress of events and that the same local, LUBA and judicial proceedings will occur regardless of whether the first LUBA decision is reviewed. Although that may occur in particular cases, it is not inexorable, and it is not the purpose of judicial review, which is to decide cases or, failing that, to narrow issues. It is not to prolong cases at any level. Indeed, petitioners' argument presupposes that they would have lost if they had sought our review of LUBA's first decision.

We might agree with petitioners that, when issues are "revisited" in local proceedings pursuant to a LUBA remand, or when LUBA's opinion necessitates that the issues be reconsidered, the parties should be able to raise the issues again in a second appeal to LUBA and then obtain judicial review of them. However, insofar as petitioners' first four assignments reveal, that is not what happened here. The issue that each raises was conclusively decided against petitioners in their first appeal to LUBA. We do not agree with them that the fact that they "prevailed" in the first appeal, in the sense that there was a remand, entitled them to await an ultimate adverse result on all issues before seeking judicial review of issues that were conclusively decided against them by the first final and reviewable LUBA decision.[2]

[2] Petitioners did raise three of the four issues in their second appeal to LUBA. However, LUBA decided those issues the second time by reference to its conclusive disposition of them in the first appeal.

The most analogous case is *Mill Creek Glen Protection Assoc. v. Umatilla Co.,* 88 Or App 522, 746 P2d 728 (1987), where, relying on *dicta* in *Fisher v. City of Gresham,* 69 Or App 411, 685 P2d 486 (1984), we held that the "law of the case" doctrine barred the petitioners from raising issues in a second appeal to LUBA that could have been but were not raised in a first appeal from the same land use decision. *See also Portland Audubon v. Clackamas County,* 14 Or LUBA 433, *aff'd* 80 Or App 593, 722 P2d 745 (1986). We said in *Fisher* that the application of the doctrine was consistent with the legislative policy that "disputes involving land use decisions ought not be decided piecemeal in unending appeals." 69 Or App at 414, n 1.

Here, the logic is somewhat different, but the conclusion is the same. Petitioners' view would promote repeated proceedings at the local and LUBA level before judicial review needs to be sought, although earlier judicial review might have aborted those proceedings and later judicial review might necessitate further proceedings at the local level and before LUBA. We conclude that any LUBA order that is final and reviewable under ORS 197.850 provides the exclusive occasion for seeking judicial review of issues that the order conclusively decides. Therefore, petitioners' first four assignments are not reviewable in this review of LUBA's order deciding their second appeal.[3]

Petitioners' fifth assignment relates to LUBA's rejection of their argument relating to city's determination of the parking requirements for the shelter. No discussion is warranted.

For the reasons stated in note 1, *supra,* we deny city's motions to dismiss petitioners' first and fourth assignments,

---

[3] The situation here is not like that in *Smith v. Douglas County,* 308 Or 191, 777 P2d 1377 (1989), where the court held that it was proper for LUBA to remand the case to the local body to consider the issues that the opponents had raised but the local body had expressly not reached. The court rejected the petitioners' contentions that the issues should be deemed to have been implicitly decided adversely to the opponents and that the opponents therefore had to raise them before LUBA on the petitioners' appeal. The court reasoned that "speedy resolution is not supposed to sacrifice correct decision, as it may do if issues are 'deemed waived' in procedural tangles so that no tribunal considers their merits." 308 Or at 196. Here, conversely, the merits of the issues were fully considered by the local government and by LUBA. They were in a posture to be reviewed by us after they had been finally decided by those bodies.

its motion to "dismiss" portions of their brief and petitioners' motion to strike portions of city's brief.

City's motions to dismiss denied; petitioners' motion to strike denied; affirmed.