Argued and submitted August 28, 1991, decision of the Court of Appeals affirmed in part and reversed in part and case remanded to Court of Appeals for further consideration April 23, reconsideration denied May 26, 1992

See 113 Or App 660, 833 P2d 1327 (1992)

Bill BECK,
Elza Beck, John Begin, Tami Begin,
Jack Besso, Judith Besso, Joanne Beyer, O. F. Beyer,
Martha Beyer, Nicki Heath, David Kehl,
Elizabeth Kehl, Byron Richardson, Linda Richardson,
Ken Seeger, Josephine Veltri, H. D. Weitman,
Martha Weitman, Roberts Weeks, and Elva Weeks,
*Petitioners on Review,*

*v.*

CITY OF TILLAMOOK,
*Respondent on Review.*

(LUBA 90-056; CA A67345; SC S37906)

831 P2d 678

Phillip E. Grillo, Portland, argued the cause and filed the petition for petitioners on review.

Douglas E. Kaufman, City Attorney, Tillamook, argued the cause and filed the responses to the petition for respondent on review.

GRABER, J.

## GRABER, J.

This case concerns the scope of judicial review of a decision of the Land Use Board of Appeals (LUBA). Specifically, the issue is this: When petitioners appealed a local land use decision to LUBA and prevailed only in part, obtaining a remand, did the applicable statutes require them to seek judicial review of the legal issues that LUBA decided against them at that time, or could they wait until after the remand and a second appeal to LUBA to do so? The Court of Appeals held that the applicable statutes required petitioners to seek judicial review when the issues were "conclusively decided against petitioners"; that several of the issues were "conclusively decided against them by the first final and reviewable LUBA decision"; and that petitioners were foreclosed from raising those issues on review in the post-remand proceedings. *Beck v. City of Tillamook*, 105 Or App 276, 805 P2d 144 (1991). We affirm in part and reverse in part.

The planning commission for the City of Tillamook denied an application from Community Action Team, Inc. (CAT), to build an emergency shelter for homeless people in Tillamook's Central Commercial District. CAT appealed to the Tillamook City Council, which approved its application and granted a conditional use permit. Petitioners, who were nearby landowners, appealed to LUBA, raising several issues. LUBA issued a final order, remanding the case to the City for further proceedings. We will refer to that decision as *Beck I*. No party sought judicial review of *Beck I* in the Court of Appeals.

On remand, the City held a public hearing where it took additional evidence and heard additional arguments. The City again granted the conditional use permit, and petitioners again appealed to LUBA. LUBA issued a final order, affirming the City's action. We will refer to that decision as *Beck II*. Several of the issues that petitioners raised before LUBA in *Beck II* were identical to issues that they had raised earlier and that had been resolved against them in *Beck I*. LUBA resolved those issues in *Beck II* by simply referring to its decision in *Beck I*.

Petitioners sought judicial review of *Beck II* in the Court of Appeals. They raised five assignments of error. The

Court of Appeals held that LUBA had "conclusively decided" the first four assignments of error in *Beck I* and that those four assignments were not reviewable on judicial review of the final order in *Beck II*, because the only time for seeking review was after *Beck I*. *Beck v. City of Tillamook, supra*, 105 Or App at 280-81. The court further held that the remaining assignment of error was not well taken. *Id.* at 281. Accordingly, the court affirmed LUBA's final order. *Id.* at 282. We allowed petitioners' petition for review to address their contention that the Court of Appeals improperly limited its scope of review.[1]

■ The parties' first disagreement is whether *Beck I* and *Beck II* are two separate cases or, instead, two phases of the same case. Although there were two successive appeals to LUBA, there is but one case. There was one application for one conditional use permit on one piece of property. Thus, the question is simply whether the appellate court can review legal issues that LUBA decided, not in the order under review, but in an earlier order in the same case, for which judicial review was not sought. Under the applicable statutes, the answer is "no."

There are four pertinent statutes, which we will discuss below: ORS 197.835(9), ORS 197.850, ORS 197.763(7), and ORS 197.830(10). Those statutes provide, respectively, that (1) when reviewing a local land use decision, LUBA shall decide as many issues as possible even when remanding others; (2) LUBA's "final order" is subject to judicial review, without regard to whether it orders a remand of some or all issues before it; (3) when a local hearings body reopens the record, only new evidence and new issues relating to that new evidence are to be considered; and (4) appeals to LUBA are generally limited to issues raised before the local hearings body.

■ ORS 197.835, which governs LUBA's scope of review, provides in part:

"(9)(a) Whenever the findings, order and record are sufficient to allow review, and to the extent possible

---

[1] Petitioners did not seek review of the Court of Appeals' rejection of their fifth assignment of error, which that court decided on the merits. We, therefore, do not consider the fifth assignment of error.

consistent with the time requirements of ORS 197.830(14), *the board shall decide all issues presented to it when reversing or remanding a land use decision* described in subsections (2) to (7) of this section or limited land use decision described in ORS 197.828 and 197.195.

"(b) Whenever the findings are defective because of failure to recite adequate facts or legal conclusions or failure to adequately identify the standards or their relation to the facts, but the parties identify relevant evidence in the record which clearly supports the decision *or a part of the decision*, the board shall affirm the decision *or the part of the decision supported by the record and remand the remainder* to the local government, with direction indicating appropriate remedial action." (Emphasis added.)

LUBA is to decide all issues that it can, before remanding a case. The effect of ORS 197.835(9) is to allow LUBA to narrow the scope of the remand to those issues that require further exploration. Doing so can avoid redundant proceedings and thereby facilitate the "policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use." ORS 197.805.

The statute that governs judicial review of LUBA orders is ORS 197.850. Its first two subsections provide:

"(1) Any party to a proceeding before the Land Use Board of Appeals under ORS 197.830 to 197.845 may seek judicial review of a final order issued in those proceedings.

"(2) Notwithstanding the provisions of ORS 183.480 to 183.550, judicial review of orders issued under ORS 197.830 to 197.845 shall be solely as provided in this section."

The remainder of ORS 197.850 details the process of judicial review of LUBA orders, including time limits, and the standard of review that the Court of Appeals is to apply.

ORS 197.850 does not define "final order." LUBA has promulgated an administrative rule, OAR 661-10-070, which sets out the requirements for a "final order" within the meaning of ORS 197.850(1):

"(1) An Order of the Board is final when the cover page of the order containing the caption of the appeal:

"(a) States 'Final Opinion and Order';

"(b) Indicates whether the decision being reviewed is dismissed, affirmed, reversed or remanded;

"(c) Contains the date of the final order; and

"(d) Is time and date stamped by the Board."

The order in *Beck I* fit all of those criteria and stated expressly that it was subject to judicial review under ORS 197.850.

Neither ORS 197.850 nor OAR 661-10-070 suggests that the availability or consequence of judicial review differs for final orders that remand (instead of dismissing, affirming, or reversing) a local land use decision. Reading ORS 197.835 and ORS 197.850 together, and applying them to *Beck I*: All issues decided in *Beck I* were subject to judicial review — exclusively as provided in ORS 197.850 — when LUBA issued *Beck I*, even though LUBA was remanding the case.

The third relevant statute is ORS 197.763, which establishes the process for hearings before local bodies. ORS 197.763(7) provides:

"When a local governing body, planning commission, hearings body or hearings officer reopens a record to admit new evidence or testimony, any person may raise new issues which relate to the new evidence, testimony or criteria for decision-making which apply to the matter at issue."

In other words, when the record is reopened, parties may raise new, unresolved issues that relate to new evidence. The logical corollary is that parties may not raise old, resolved issues again.[2] When the record is reopened at LUBA's direction on remand, the "new issues" by definition include the remanded issues, but not the issues that LUBA affirmed or reversed on their merits, which are old, resolved issues.

---

[2] Although the parties do not discuss it, we note that the list of persons who brought the first appeal to LUBA is not identical to the list of persons who brought the second appeal to LUBA. That difference is not significant in this instance, because the additional parties had the opportunity to participate in the first appeal but did not. (They were nearby landowners who received notice of the first proceeding.) We agree with the reasoning of the Court of Appeals in *Mill Creek Glen Protection Assoc. v. Umatilla Co.*, 88 Or App 522, 527, 746 P2d 728 (1987), when it analyzed the LUBA statutes in an analogous situation: "A party who did not raise an issue in an earlier proceeding because he chose not to participate in it should be as precluded from later raising the issue as a party who did participate but neglected to raise the issue." (Footnote omitted.)

■ Finally, ORS 197.830(10) provides, with exceptions not relevant here, that "[i]ssues [before LUBA] shall be limited to those raised by any participant before the local hearings body as provided in ORS 197.763." If the record is reopened for the consideration or reconsideration of specific issues, ORS 197.763(7), then a subsequent appeal to LUBA generally is limited to such of those issues as an appellant may wish to raise. None of LUBA's rules interprets these statutes to the contrary or provides for reconsideration or revival of a legal issue previously decided in a final order.

Petitioners present various reasons why they believe that a requirement to seek judicial review from a final order remanding one or more issues to the local body, rather than saving such issues for a later petition for judicial review after completion of the remand, is poor policy. Primarily petitioners contend that judicial economy is ill served. There are two answers to petitioners' argument. The first is that judicial economy is not necessarily advanced by the procedural choice that petitioners urge. For example, in this case, one of petitioners' legal arguments is that the shelter is not a "public facility" for which a conditional use permit could be issued at all. Had petitioners sought judicial review in *Beck I* and prevailed, the case would have ended there, saving time and expense. The second answer is that the statutes contemplate the procedure that petitioners challenge; the legislature already has weighed the competing policies and chosen one that defeats petitioners' position.

It remains for us to determine what issues were decided in *Beck I*.[3] In order to do that, it is necessary for us to describe the arguments that petitioners made to the Court of Appeals and in each LUBA proceeding.

■ Petitioners' first assignment of error to the Court of Appeals is that LUBA erred when it determined that the proposed shelter was a "public facility." They make three arguments: first, LUBA misconstrued the applicable law; second, LUBA's findings did not support its conclusion; and, third, the shelter was a "rooming and boarding house,"

---

[3] In *Beck I*, LUBA decided all issues presented on the merits. LUBA "denied" three of petitioners' assignments of error but "sustained" one assignment of error and ordered a remand.

which is neither a permitted nor a conditional use in the City's Central Commercial District.

Petitioners did not make the third argument to LUBA in *Beck I* or *Beck II*, so we do not consider it further. LUBA rejected the other two arguments in *Beck I*. It concluded that a shelter for homeless people is a "public facility" as defined by the City's zoning ordinances and that the determination that the shelter was a "public facility" was supported by substantial evidence in the record.[4] Petitioners did not raise those arguments again in *Beck II*. The first assignment of error was decided in *Beck I* and is not reviewable after *Beck II*.

■ Petitioners' second assignment of error is that LUBA erred in determining that section 27(1) of the Tillamook City Zoning Ordinance could not serve as a basis for remand or reversal of a City decision. LUBA decided that issue in *Beck I*, where it reasoned that section 27(1) did not contain mandatory approval criteria; LUBA held that it did not have to review the evidentiary support for any findings that the City made regarding section 27(1), because those findings were unnecessary. In *Beck II*, petitioners contended that LUBA had erred in *Beck I* and that, on remand, the City should not have ignored petitioners' evidence in regard to section 27(1). Quoting its decision in *Beck I*, LUBA rejected petitioners' argument again in *Beck II*. Petitioners' argument about the meaning of the ordinance is a legal, not a factual, issue. In *Beck I*, LUBA construed the ordinance as being irrelevant to the City's decision and thus removed consideration of section 27(1) from the scope of the remand.[5] LUBA decided the second assignment of error in *Beck I*, and it may not be reviewed after *Beck II*.

■ In their third assignment, petitioners argue that LUBA erred by determining that Plan Policies 21 and 22 are

---

[4] The record from the first proceeding before the City was part of the record before LUBA in both *Beck I* and *Beck II*.

[5] This sequence of events affords another example of the way in which the present legislative design serves judicial economy. Had petitioners sought review of *Beck I* and had they prevailed concerning the scope of the remand, then the remanded proceedings before the City would have been broader. If petitioners could seek review of *Beck I* after *Beck II*, and were they to prevail on the same issue, a second remand would be required, thus resulting in longer and more expensive proceedings.

not relevant, mandatory approval criteria.[6] LUBA rejected that argument in *Beck I* and removed this issue from the scope of the remand. Thus, the third assignment of error was decided in *Beck I* and was not subject to judicial review after *Beck II*.

 Petitioners' fourth assignment of error is that the City was biased and unable to make an impartial decision. LUBA rejected that argument in *Beck I* and, in *Beck II*, rejected it again.

In this instance, however, the issues were not identical in *Beck I* and *Beck II*. In *Beck I*, petitioners argued that there was clear and convincing evidence that the City was biased during the *first* hearing. In *Beck II*, petitioners argued that there was clear and convincing evidence that the City was biased during the *second* hearing. It is possible that the City could be biased on remand, after having been impartial in the initial hearing. Although petitioners rely on much of the same evidence to support their argument in *Beck II*,[7] they also rely on new evidence from the second hearing. Accordingly, the question of bias in *Beck II* was not and could not have been decided in *Beck I*. Therefore, petitioners are entitled to judicial review of their fourth assignment of error in *Beck II*.

 Petitioners argue that no issues were conclusively decided in *Beck I*, because LUBA remanded the case on the grounds that the City had failed to make enough findings and to relate the findings to the relevant approval criteria and that the City had impermissibly shifted the burden of proof to petitioners. We disagree with that reading of *Beck I*. LUBA could and did resolve several legal issues in *Beck I*. LUBA exercised its authority, pursuant to ORS 197.835, to decide all issues and affirm the parts of the City's decision that it could. LUBA thereby removed some issues from the scope of the remand. The issues raised in assignments of error one

---

[6] Petitioners raised additional arguments in the third assignment of error that they did not raise in either *Beck I* or *Beck II*. Those arguments were not preserved, and we do not consider them.

[7] Petitioners' main claim in both *Beck I* and *Beck II* is that the City's prior approval of the receipt of federal funds for the shelter project made it inherently and permanently incapable of making a fair decision on CAT's application for a conditional use permit.

through three were issues of law, involving interpretation of ordinances and land use plans. Nothing that happened on remand provided a basis for reconsidering those issues. That is evident from *Beck II*, in which LUBA decided those issues merely by reference to *Beck I*.

 Finally, petitioners contend that the Court of Appeals should have reviewed all issues, because LUBA reconsidered them in *Beck II*. Although LUBA purported to revisit the issues raised in the first three assignments of error, it did so simply by referring to its earlier decision in *Beck I*. More importantly, under the statutory framework discussed above, LUBA was not free to revisit in *Beck II* the legal issues that it had decided in *Beck I*. The Court of Appeals correctly refused to review those issues.

The decision of the Court of Appeals is affirmed in part and reversed in part. The case is remanded to the Court of Appeals for further consideration consistent with this opinion.