Submitted on remand from Oregon Supreme Court June 2, affirmed July 1, 1992

Bill BECK,
Elza Beck, John Begin, Tami Begin,
Jack Besso, Judith Besso, Joanne Beyer, O. F. Beyer,
Martha Beyer, Nicki Heath, David Kehl,
Elizabeth Kehl, Byron Richardson, Linda Richardson,
Ken Seeger, Josephine Veltri, H. D. Weitman,
Martha Weitman, Roberts Weeks, and Elva Weeks,
*Petitioners,*

*v.*

CITY OF TILLAMOOK,
*Respondent.*

(LUBA 90-056; CA A67345)

833 P2d 1327

Phillip E. Grillo, Portland, argued the cause and filed the brief for petitioners.

Douglas E. Kaufman, Tillamook City Attorney, Tillamook, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of LUBA's affirmance of the city of Tillamook's approval of an application by Community Action Team, Inc. (CAT), for a conditional use permit to operate a homeless shelter. We previously affirmed LUBA's decision in *Beck v. City of Tillamook*, 105 Or App 276, 805 P2d 144 (1991). On review, the Supreme Court upheld our disposition of the other assignments but remanded with directions for us to consider petitioners' assignment of error that the Tillamook City Council "was biased and incapable of making a fair and impartial decision." 313 Or 148, 831 P2d 678 (1992).

Petitioners argue that the council was, in effect, the "sponsor" of the project that it authorized through the conditional use permit, because it had previously approved CAT's application for a federal grant to provide funds for the project. According to petitioners, surrounding property owners were not notified of the impending council action on the grant application.[1] Petitioners also argue that, in its approval of the conditional use permit, the council did not apply certain approval criteria that the city's zoning ordinance required to be considered. They assert that those facts or putative facts demonstrate the council's bias. The solution that they urge is that we order a remand to the city with directions that the elected council be disqualified and that the planning commission be substituted as the final decisionmaker.[2]

LUBA said in *Oatfield Ridge Residents Rights v. Clackamas Co.*, 14 Or LUBA 766, 768 (1986):

> "Agency sponsorship of a project may or may not earn it the support of elected officials when they review it for conformance with land use requirements. The possibility that some may favor governmental programs does not disqualify the board for bias. The burden is on Petitioners to show clearly that the officials were incapable of making a decision on the basis of the evidence and argument."

---

[1] Two published notices were given.

[2] The commission had denied the conditional use permit application, and its decision was reversed by the council on appeal.

We agree. *See also 1000 Friends of Oregon v. Wasco Co. Court*, 304 Or 76, 742 P2d 39 (1987), *cert den* 486 US 1007 (1988).

■     Petitioners have not carried that burden. Their argument concerning the grant application approval and the proceedings in connection with it are aimed at the point that the council was "financially and politically" predisposed or committed to favor the project. Therefore, petitioners reason, the council "could not say 'no' " in the later and separate proceedings on the conditional use permit application. Petitioners' argument does not go beyond postulation, and it ignores the truism that city councils perform many functions, some of which are inevitably related to others. To the extent that the argument requires comment, Al Smith provided the answer by his observation that the only cure for the evils of democracy is more democracy. An elected public body cannot be disqualified by a court from discharging its lawful responsibility simply because it earlier performed another responsibility that was connected with the same subject.

■     Petitioners' contention that the specific mandatory approval criteria to which they point were not applied in the conditional use permit decision depends on an understanding of the record that we do not share. Be that as it may, however, we decline to base our decision on petitioners' specific point. Whether or not the city failed to apply a particular mandatory approval criterion relates to the merits of its decision, and the essence of the Supreme Court's opinion and our earlier opinion in this case is that petitioners' attempt to challenge the merits of the decision comes too late and may not be reviewed.

The only question that we need, or may decide, is whether petitioners established that the conditional use permit decision was not made with the requisite neutrality. That question does not require us to determine whether any particular approval criterion was applied. At the most, all that we have to ascertain is that the council applied *some* criteria and that it considered and weighed positive and negative factors in applying them. The record abundantly demonstrates that it did that. That negates any showing that the council was

incapable of making a decision on the basis of the evidence and arguments.[3]

Affirmed.

---

[3] We do not imply that petitioners did make such a showing.