Submitted on record and briefs February 1, affirmed May 1, 2002

Dennis TYLKA
and Joyce Tylka,
*Petitioners,*

*v.*

CLACKAMAS COUNTY
and Robert Hawkins,
*Respondents.*

2001-074; A116763

45 P3d 961

Dennis Tylka and Joyce Tylka filed the brief *pro se*.

Michael E. Judd filed the brief for respondent Clackamas County.

No appearance for respondent Robert Hawkins.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Petitioners Dennis and Joyce Tylka seek review of a decision of the Land Use Board of Appeals (LUBA) upholding Clackamas County's (county) approval of a conditional use permit for a recreational vehicle (RV) camping site on a gravel pad constructed in 1989 on property zoned residential recreational. Petitioners assert that, because the gravel pad itself was unlawfully constructed back in 1989, the conditional use permit should not be approved. The county argues, and LUBA held, that the lawfulness of the construction of the gravel pad was determined in earlier stages of this litigation and is not subject to challenge now. We affirm.

The relevant facts are not in dispute. The property is a 50' x 100' lot with 50 feet of frontage on the Salmon River. Petitioners occupy the adjacent lot. The Salmon River is included in the county's Goal 5 (natural resources, scenic and historic areas, and open spaces) inventory, and the property itself is located in an area subject to regulation under the county's River and Stream Conservation Area (RSCA) regulations. It also is subject to the county's Zoning and Development Ordinance (ZDO).

In 1989, the owner of the property improved it with a gravel driveway and a 24' x 40' gravel parking pad. The pad is 17 feet from the river's mean high water line. Petitioners complained to the county that the construction of the gravel pad was illegal, but they did not formally challenge the activity. The county nevertheless investigated, and it decided that no permit was required for the construction of the gravel pad. No one challenged the county's decision.

Sometime after that, Robert Hawkins purchased the property and applied for a conditional use permit to park an RV on the gravel pad, by now overgrown with vegetation. The county approved the application subject to conditions, among them that Hawkins obtain an RSCA permit and local fire district approval. Petitioners challenged the county's decision, arguing to LUBA that, among other things, the construction of the gravel pad in 1989 was unlawful because it was done without a conditional use permit. They argued that approving Hawkins's application legitimized prior illegal conduct.

LUBA held that parking an RV on the existing gravel pad was a permissible conditional use under the county's ZDO. LUBA also held that it was too late for petitioners to challenge the construction of the gravel pad. The county already had approved the construction of the gravel pad without a permit several years earlier, and petitioners had failed to challenge that decision. *Tylka v. Clackamas County*, 34 Or LUBA 14, 16-17 (1998). We affirmed without opinion. *Tylka v. Clackamas County*, 153 Or App 414, 960 P2d 397, *rev den* 327 Or 620 (1998). The parties refer to that round of decisions as *"Tylka III."*

The county adopted changes to its ZDO concerning river and stream conservation areas. The Director of the Department of Land Conservation and Development approved the revisions, but that decision was appealed to the Land Conservation and Development Commission.

Before the amendments to the ZDO were acknowledged to comply with the applicable statewide planning goals, Hawkins filed an application for an RSCA permit, as the county had required as a condition of approving his conditional use permit concerning parking the RV on the gravel pad. The county concluded that, under the amended ZDO, an RSCA permit no longer was required. Petitioners challenged the county's decision, arguing to LUBA that it did not comply with the statutory requirement that land use decisions subject to an unacknowledged amendment to a comprehensive plan must include findings of compliance with statewide planning goals. *See* ORS 197.625(3)(b).

LUBA remanded the decision to the county. First, it concluded that the amended ZDO required a setback area from the river preserved with native vegetation. Accordingly, LUBA concluded, the county needed to determine whether Hawkins's proposal involved the removal of vegetation in a manner that would violate the ordinance. Second, LUBA required the county to make specific findings of compliance with statewide planning Goal 5, pursuant to ORS 197.625(3)(b). *Tylka v. Clackamas County*, 37 Or LUBA 922, 924 (2000). We affirmed without opinion. *Tylka v. Clackamas County*, 169 Or App 305, 9 P3d 161, *rev den* 331 Or 284

(2000). The parties refer to that round of decisions as *"Tylka IV."*

On remand, the county concluded that the proposed use of the gravel pad was consistent with the amended ZDO and with Goal 5 and its implementing administrative rule, OAR 660-023-0090, which authorizes replacement of "existing structures with structures in the same location that do not disturb additional riparian surface area." The county found that the existing parking pad was a "structure" within the meaning of the rule and that Hawkins's proposal did not involve any disturbance of additional riparian surface area.

Petitioners again challenged the county's decision. And they again argued that Hawkins should not be permitted to park an RV on the gravel pad because the gravel pad was constructed without a conditional use permit in 1989. They acknowledged that LUBA already had concluded that it was too late to challenge the construction of the gravel pad, but this time they argued that the issue had been "revived." According to petitioners, OAR 660-023-0090(8)(a)(D), on which the county relied, permits only "existing structures" to be replaced with other structures that do not disturb riparian areas. They argue that, because the rule implicitly requires that the "existing structures" have been lawfully constructed in the first place, the issue is again properly before the county and LUBA. LUBA rejected petitioners' arguments. Citing *Beck v. City of Tillamook*, 313 Or 148, 153-54, 831 P2d 678 (1992), it began by stating that, generally, issues that have been resolved in prior land use proceedings cannot be relitigated or raised in subsequent proceedings following a LUBA remand. In this case, LUBA stated, the lawfulness of the construction of the gravel pad already has been determined without challenge, and that ended the matter. In any event, LUBA held, OAR 660-023-0090(8)(a)(D) does not implicitly require that "existing structures" have been lawfully permitted.

Petitioners yet again challenge LUBA's decision. That latest challenge is before us now. Petitioners argue that LUBA erred in concluding that "existing structures" permitted by OAR 660-023-0090(8)(a)(D) need not have been lawfully constructed structures and in rejecting their argument

that the lawfulness of the gravel pad properly may be addressed now. The county responds that the rule says nothing about the lawfulness of the existing structure and, in any event, the lawfulness of the construction of the gravel pad already has been determined.

We conclude that we need not determine whether OAR 660-023-0090(8)(a)(D) implicitly requires an "existing structure" to have been lawfully constructed. That is because, even assuming that it does, the fact remains that, in this case, the county long ago determined that the gravel pad was lawfully constructed and no one challenged that decision.

In *Beck*, the Supreme Court made clear that, when a case involves successive appeals concerning a single application to use a single parcel of land, a party may not relitigate "old, resolved issues" in later appeals. 313 Or at 151, 153. This case involves numerous successive appeals concerning the application to use a single parcel of land. In *Tylka IV*, LUBA rejected petitioners' challenge to the lawfulness of the construction of the gravel pad, but remanded for the purpose of having the county address other issues. Under *Beck*, the county's decision on remand did not open the door for relitigation of other issues not within the scope of the remand, such as of the lawfulness of the construction of the gravel pad.

We therefore conclude that LUBA did not err in rejecting petitioners' contention that the construction of the gravel pad was unlawful and that that unlawfulness precludes a finding that OAR 660-023-0090(8)(a)(D) permits the county to approve Hawkins's conditional use permit.

Petitioners advance other arguments, which we reject without discussion.

Affirmed.