Submitted December 3, 2008, affirmed March 4, 2009

Shelley WETHERELL,
*Respondent,*

*v.*

DOUGLAS COUNTY,
*Respondent,*

*and*

UMPQUA PACIFIC RESOURCES COMPANY, INC.,
*Petitioner.*

Land Use Board of Appeals
2008074; A140182

203 P3d 300

Stephen Mountainspring filed the brief for petitioner.

No appearance for respondents Shelley Wetherell and Douglas County.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

In this land use case, Umpqua Pacific Resources Company, Inc. (Umpqua) applied to Douglas County to build a nonfarm dwelling on a three-acre parcel of land located in a zone designated for exclusive farm use (EFU). The county approved the application. Wetherell, a neighbor, appealed the approval to the Land Use Board of Appeals (LUBA), which three times remanded the case to the county. Umpqua now seeks judicial review of the most recent remand. We affirm.

At the core of the dispute is the statutory standard for approval of nonfarm dwellings on EFU land. Set out in ORS 215.284(2)(b), that standard is that the "dwellings" must be located on "generally unsuitable land for the production of farm crops and livestock or merchantable tree species." In this case, one of the principal issues has been precisely what is included as an aspect of a "dwelling" that may be located on such unsuitable land and, specifically, whether that term includes essential or accessory improvements and structures like driveways, wells, septic systems, and drainfields.

In its initial decision to approve Umpqua's application, the county found that a .3-acre portion of Umpqua's land satisfied the statutory standard (that is to say, the .3-acre portion is unsuitable, while the balance of the three acres remains suitable for farm use). The county further determined that only the dwelling itself needed to be located on that portion of property, permitting Umpqua to construct essential or accessory improvements to the dwelling such as driveways, wells, septic systems, and drainfields on the remaining property that remains suitable for farm use.

Wetherell appealed to LUBA, arguing that the county's suitability findings were not supported by substantial evidence. She also argued that improvements such as driveways, wells, septic systems, and drainfields for the nonfarm dwelling could not be located on the part of the property that *is* suitable for farm use. LUBA agreed with Wetherell that the county's findings that the .3-acre portion of the parcel is generally unsuitable were not supported by substantial evidence. *Wetherell v. Douglas County*, 51 Or LUBA 699, 714

(2006) (*Wetherell I*). LUBA further agreed that improvements for the nonfarm dwelling could not be located on the part of the parcel that is suitable. *Id.* at 716. LUBA instructed the county to explain on remand "how the identified improvements will be located on the generally unsuitable portion." *Id.*

On Umpqua's petition, we affirmed. *Wetherell v. Douglas County*, 209 Or App 1, 146 P3d 343 (2006). We concluded that LUBA correctly applied the substantial evidence standard, but determined that it was not necessary to address whether LUBA correctly interpreted the statute in requiring that, in addition to the dwelling, accessory improvements also must be located on the portion of the parcel that is generally unsuitable for farm use. *Id.* at 5-6.

On remand, the county took additional evidence and once again found that the .3-acre portion of the property is generally unsuitable for farm use. The county also again did not require that the accessory improvements be constructed on that portion of the parcel; rather, the county continued to permit Umpqua to locate those improvements on the remaining portions of the land, which are still suitable for farm use. Wetherell again appealed, and LUBA again remanded. *Wetherell v. Douglas County*, 56 Or LUBA 120 (2008) (*Wetherell II*). Although this time LUBA concluded that the record was adequate to support the county's findings about the unsuitability of the .3-acre portion of Umpqua's land, it concluded for a second time that the improvements (with the exception of the driveway) also must be located on that portion of the land, not on the portion that remains suitable for farm use.

On remand, Wetherell offered evidence that, in 2006, Umpqua had proceeded with the drilling of a well located outside of the .3-acre portion of the property that had been found to be unsuitable for farm use. The county declined to reopen the record to receive such evidence. The county then again approved Umpqua's application to build a nonfarm dwelling on its EFU land. The county included the following condition of approval:

> "The Land Use Board of Appeals has concluded that 'the term "dwelling" as used in ORS 215.284 includes any essential or accessory improvements or structures and, therefore, like the dwelling itself, those essential or accessory improvements and structures are authorized only on portions of the farm parcel that are generally unsuitable.' Accordingly, the Board finds that the proposed non-farm dwelling, and any essential or accessory improvements or structures *to be built or installed* in conjunction with the building (except for a driveway providing access to the dwelling), including the service lines connecting the dwelling to the water system and the septic system, will be located on the unsuitable portion of the property."

(Citation omitted; emphasis added.)

Wetherell again appealed to LUBA, arguing that, among other things, the county's condition—which prohibits essential or accessory improvements "to be built or installed"—merely prohibits new construction and effectively allows Umpqua to locate such improvements on suitable land if they already have been installed. LUBA agreed. *Wetherell v. Douglas County*, 57 Or LUBA 434 (2008). LUBA concluded that it certainly is possible to read the county's condition that way. According to LUBA,

> "the county is not entitled to insert an ambiguity into its findings and conditions of approval that would assist [Umpqua] in avoiding the clear requirement in *Wetherell I* and *Wetherell II* that the water system and septic system for the disputed nonfarm dwelling must be located on the generally unsuitable .3-acre portion of the property."

LUBA therefore remanded the case again to "eliminate the ambiguity."

In its first assignment of error, Umpqua contends that LUBA erred in remanding the case yet again. According to Umpqua, in remanding the case because of the ambiguity of the county's order, LUBA effectively has created an unlawful requirement that local government decisions be "clear." According to Umpqua, requiring local government decisions to be clear "sets an erroneously high standard which will cause substantial hardship to land owners and local governments across the state." Umpqua argues that what LUBA

should have done is give the county the benefit of a "presumption that a local government's decision in a land use context is valid, reasonable, and correct."

We reject Umpqua's first assignment of error. LUBA did not create a new and "erroneously high" standard of review. It simply determined that it could not tell what the county meant when it imposed the condition that essential or accessory improvements "to be built" must be located on land unsuitable for farming. Even Umpqua does not contest that the condition could be read to apply only to such improvements not already built, which would be directly contrary to LUBA's decisions in *Wetherell I* and *Wetherell II*. In remanding for the county to clarify the condition—rather than reversing the decision outright—LUBA did, in fact, give the county the benefit of the doubt. *Cf. Just v. City of Lebanon (A122516)*, 193 Or App 121, 130, 88 P3d 307 (2004), *rev dismissed*, 342 Or 117 (2006) (upholding LUBA remand of local government decision because LUBA "did not know what the city meant" by certain phrasing in its decision).

In its second assignment of error, Umpqua contends that LUBA erred in relying on evidence outside the record—specifically, evidence that it already had installed a water and septic system on the portion of its property that remains suitable for farm use. Umpqua acknowledges that LUBA expressly disclaimed relying on that evidence. It nevertheless insists that LUBA *must* have relied on it, or else it would not have found the county's decision unclear. We reject the second assignment without discussion.

In its final assignment of error, Umpqua contends that LUBA erred in construing ORS 215.284(2) to prohibit the installation of essential or accessory improvements on land that remains suitable for farm use. According to Umpqua, the "dwelling" that the statute requires to be constructed on land unsuitable for farm use is limited to the building itself and does not include essential or accessory improvements such as water and septic systems. That is an interesting question, to be sure. But it also is one that LUBA addressed in *Wetherell II*. Umpqua did not seek judicial review of LUBA's decision on that issue then. Consequently, it cannot obtain judicial review of it now. *Beck v.*

*City of Tillamook*, 313 Or 148, 151, 831 P2d 678 (1992) (appellate courts cannot review issues that LUBA decided in an earlier order in the same case, for which judicial review was not sought).

Umpqua insists that it is not precluded from raising the issue now because LUBA's most recent order is different in a material respect. According to Umpqua, LUBA's order in *Wetherell II* merely held that improvements such as water or septic systems "authorized" under ORS 215.284(2) must be located on the portion of the land that is not suitable for farm use. In its most recent order, Umpqua argues, LUBA went further and held that any nonfarm dwelling authorized under the statute "must be" connected to such water and septic systems located on the portion of the land not suitable for farm use.

The problem is that, even assuming the correctness of Umpqua's characterization of LUBA's most recent order, what Umpqua then proceeds to argue is that the term "dwelling," as it is used in ORS 215.284(2), does not include such improvements as water and septic systems. That is precisely the same issue that LUBA decided in *Wetherell II*, and it may not be challenged at this juncture.

Affirmed.