**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41106**

| | |
|---|---|
| STATE OF IDAHO, | 2014 Unpublished Opinion No. 460 |
| Plaintiff-Respondent, | Filed: April 18, 2014 |
| v. | Stephen W. Kenyon, Clerk |
| VANCE M. ATTEBERRY, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

---

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of five years, with a minimum period of confinement of two years, for aggravated assault. We affirm.

Vance M. Atteberry was charged with lewd conduct with a minor under sixteen. Pursuant to a plea agreement, Atteberry pled guilty to an amended charge of aggravated assault. I.C. §§ 18-901, 18-905. Following his plea, Atteberry was sentenced to five years, with a minimum period of confinement of two years. The district court retained jurisdiction, and Atteberry was sent to participate in the rider program. Following completion of his rider, the district court suspended the sentence and placed Atteberry on probation. Following two

1

probation revocation proceedings, the district court revoked probation, ordered execution of Atteberry's sentence, and again retained jurisdiction.

After Atteberry completed his second rider, the district court relinquished jurisdiction. Atteberry appeals, claiming that the district court erred in relinquishing jurisdiction. He also argues that his sentence is excessive and constitutes an abuse of discretion and that the district court should have sua sponte reduced the sentence upon relinquishment of jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Atteberry has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Atteberry also contends that the district court abused its discretion by not reducing his sentence, sua sponte, pursuant to I.C.R. 35 when it relinquished jurisdiction. Citing *State v. Perry*, 150 Idaho 209, 45 P.3d 961 (2010), the state argues that this issue was not preserved through an objection before the trial court and Atteberry has not shown fundamental error. We assume, without deciding, that we may review the district court's decision. Pursuant to Rule 35, a court may reduce a sentence within 120 days after the court releases retained jurisdiction. A court's decision not to reduce a sentence is reviewed for an abuse of discretion. In conducting our review, we consider the entire record and apply the same reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Applying those standards, Atteberry has failed to show an abuse of discretion.

The order of the district court relinquishing jurisdiction and Atteberry's sentence are affirmed.