**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40728**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 463 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LORI CAROL ERICKSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of seven years, with a minimum period of confinement of two years, and a concurrent unified sentence of five years, with a minimum period of confinement of three years, for one count of possession of a controlled substance and one count of possession of a controlled substance by an inmate. We affirm.

Lori Carol Erickson pled guilty to one count of possession of a controlled substance. I.C. § 37-2732(c) and one count of possession of a controlled substance by an inmate, I.C. § 18-2511. In exchange for her guilty pleas, additional charges were dismissed. Following her plea, Erickson was sentenced to a unified term of seven years, with a minimum period of confinement

1

of two years, and a concurrent unified sentence of five years, with a minimum period of confinement of three years.  The district court suspended the sentences and placed Erickson on probation.  Following violation of the terms of her probation, the district court revoked probation and ordered execution of the original sentences.  However, the district court retained jurisdiction and Erickson was sent to participate in the rider program.  After Erickson completed her rider, the district court relinquished jurisdiction.

Erickson appeals, claiming that the district court erred in relinquishing jurisdiction and that it was an abuse of discretion and for the district court not to have sua sponte reduced the sentences upon relinquishment of jurisdiction.  Citing *State v. Perry*, 150 Idaho 209, 45 P.3d 961 (2010), the state argues that this issue was not preserved through an objection before the trial court and Erickson has not shown fundamental error.  We assume, without deciding, that we may review the district court's decision.  The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion.  *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez,* 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez,* 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver,* 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  The order of the district court relinquishing jurisdiction and Erickson's sentences are affirmed.