Argued and submitted November 3, 2003, affirmed April 21, 2004

## FRIENDS OF LINN COUNTY,
*Respondent,*

*v.*

## CITY OF LEBANON,
*Petitioner.*

2003-045; A122518

88 P3d 322

Natasha Zimmerman argued the cause for petitioner. On the brief were Thomas A. McHill and Morley, Thomas, McHill & Phillips, LLC.

Michael Collmeyer argued the cause for respondent. On the brief was Ian Simpson.

Before Deits, Chief Judge, and Schuman, Judge, and Leeson, Judge pro tempore.

DEITS, C. J.

## DEITS, C. J.

This judicial review is one of five concerning the City of Lebanon's decisions to annex several pieces of property and to apply particular zoning designations to those properties. James Just appealed four of the annexation and zoning decisions to the Land Use Board of Appeals (LUBA), and Friends of Linn County appealed the fifth. In each of the five cases, LUBA remanded the annexation and zoning designation because it concluded that the city had failed to meet certain annexation criteria in its comprehensive plan. Although each of the city's decisions concerned a different piece of property, the challenges to LUBA's remand in each of the five judicial reviews are similar.[1]

Petitioner, the City of Lebanon (the city), seeks review of LUBA's decision remanding the city's annexation and zoning designation concerning two parcels and a right-of-way. We take the facts from LUBA's order. *Friends of Linn Co. v. City of Lebanon*, 45 Or LUBA 204 (2003).

"The 2.61-acre territory annexed by the challenged decision includes two parcels and the right-of-way located between those parcels. The first parcel, tax lot 1400, is developed with a single-family dwelling. The dwelling is served by a domestic well and on-site sewage disposal. However, there is evidence that the on-site sewage disposal system is failing and that annexation of this property is necessary to connect the dwelling to the city's community sewer system. The second parcel, tax lot 2000, is undeveloped. No development proposal was submitted in conjunction with the annexation request, however, it is anticipated that tax lot 2000 will be developed for residential uses in accordance with the RL designation. The right-of-way is known as Cascade Drive, and is designated city collector. The segment is improved to county road standards. No improvements to Cascade Drive are proposed.

"The west property line of tax lot 1400 borders [the] city limits. Tax lot 2000 lies across Cascade Drive from tax lot

---

[1] The other judicial reviews are as follows: *Just v. City of Lebanon (A122516)*, 193 Or App 121, 88 P3d 307 (2004); *Just v. City of Lebanon (A122517)*, 193 Or App 132, 88 P3d 312 (2004); *Just v. City of Lebanon (A122519)*, 193 Or App 155, 88 P3d 936 (2004); *Just v. City of Lebanon (A122520)*, 193 Or App 159, 88 P3d 937 (2004).

> 1400. None of the properties adjacent to tax lot 2000 lie within [the] city limits. The subject property is zoned Urban Growth Area, Urban Growth Management, 10-acre minimum * * *, a county zoning designation. In conjunction with the annexation, tax lot 1400 was zoned RM, and tax lot 2000 was zoned RL."

*Id.* at 205-06.

In its assignment of error, the city asserts that LUBA erred by requiring that "specific development proposals be presented before annexation can occur." For the reasons stated in *Just v. City of Lebanon (A122516)*, 193 Or App 121, 88 P3d 307 (2004), we reach the same conclusion that we reached in that case with regard to the city's argument in this case. The city also argues in that assignment of error that LUBA erred by (1) concluding that "other elements of the city's policies could not be satisfied without a specific proposal before the city"; (2) concluding that the findings concerning the public need were inadequate; and (3) concluding that the city's determination that the annexation maintains a compact urban growth pattern was undermined by its inadequate public needs findings. With regard to those arguments, we affirm without further discussion.

Affirmed.