Submitted on record and briefs November 3, 2003, affirmed April 21, 2004

James JUST,
*Respondent,*

*v.*

CITY OF LEBANON,
*Petitioner.*

2003-067; A122520

88 P3d 937

■■■■■■■■■■■■■■■■■■■■■■

Thomas A. McHill and Morley, Thomas, McHill & Phillips, LLC, filed the brief for petitioner.

James P. Just filed the respondent's brief *pro se*.

Before Deits, Chief Judge, and Schuman, Judge, and Leeson, Judge pro tempore.

DEITS, C. J.

■■■■■■■

## DEITS, C. J.

This judicial review is one of five concerning the City of Lebanon's decisions to annex several pieces of property and to apply particular zoning designations to those properties. James Just appealed four of the annexation and zoning decisions to the Land Use Board of Appeals (LUBA), and Friends of Linn County appealed the fifth. In each of the five cases, LUBA remanded the annexation and zoning designation because it concluded that the city had failed to meet certain annexation criteria in its comprehensive plan. Although each of the city's decisions concerned a different piece of property, the challenges to LUBA's remand in each of the five judicial reviews are similar.[1]

Petitioner, the City of Lebanon (the city), seeks review of LUBA's decision remanding the city's annexation and zoning designation concerning approximately two acres of property. We take the facts from LUBA's order and the record. *Just v. City of Lebanon*, LUBA No 2003-067 (Aug 22, 2003). The subject property is located within the city's urban growth boundary. Linn County had zoned the property "Urban Growth Area, Urban Growth Management-10-Acre Minimum," and the Lebanon Comprehensive Plan map designates the property "Mixed Density Residential." *Id.* (slip op at 2). The city's annexation ordinance applied the city's Residential Mixed Density zoning designation to the property. No specific development proposal was submitted in connection with the annexation request; however, it was anticipated that the property would be developed as a residential subdivision.

In its first assignment of error on review, the city asserts that Just lacked standing to appeal to LUBA and lacks standing to participate in this judicial review proceeding as a respondent.[2] In its second assignment of error, the

---

[1] The other judicial reviews are as follows: *Friends of Linn County v. City of Lebanon*, 193 Or App 151, 88 P3d 322 (2004); *Just v. City of Lebanon (A122516)*, 193 Or App 121, 88 P3d 307 (2004); *Just v. City of Lebanon (A122517)*, 193 Or App 132, 88 P3d 312 (2004); *Just v. City of Lebanon (A122519)*, 193 Or App 155, 88 P3d 936 (2004).

[2] In its brief to LUBA, the city argued:

"*[The city] does not object to the standing of [Just] before LUBA.* [The city] reserves the right to object to the standing of [Just] should this matter

city asserts that LUBA erred by concluding that a specific development proposal is required before it may annex property. In its final assignment of error, the city asserts that LUBA erred by concluding that (1) "other elements of the city's policies could not be satisfied without a specific proposal before the city"; (2) the findings concerning the public need were inadequate; and (3) the city's determination that the annexation maintains a compact urban growth pattern was undermined by its inadequate public needs findings.

For the reasons stated in *Just v. City of Lebanon (A122516)*, 193 Or App 121, 88 P3d 307 (2004), and *Just v. City of Lebanon (A122517)*, 193 Or App 132, 88 P3d 312 (2004), we reach the same conclusions that we reached in those cases with regard to the city's first and second assignments of error in this case. We affirm the city's third assignment of error without further discussion.

Affirmed.

---

continue to further judicial proceedings. This matter is not constitutionally justiciable as discussed in a recent Court of Appeals decision. *[See] Utsey v. Coos County*, 176 Or App 524, 543, 32 P3d 933, 944 (2001)[, *rev dismissed*, 335 Or 217 (2003)]. As the party requesting review of the decision, [Just] has the burden to provide evidence that the decision has a practical effect on his rights and that he asserted this information at the public hearing. [Just] provided no such evidence during his testimony before the City Council. [Just] cannot cure this issue by submitting evidence to the Board regarding his standing. [Just] failed to establish his standing at the local level and should be barred from asserting a right to appear on the matter at this time."

(Emphasis added.)

Generally, a party must raise an issue to LUBA to preserve it for judicial review. *See Hammer v. Clackamas County*, 190 Or App 473, 480, 79 P3d 394 (2003) (reasoning that, where the petitioners did not discuss a particular statute before LUBA or argue its applicability to the county's action, we would not reach the question of whether the notice requirements of that statute had been satisfied). We note that, generally, if the city wants to raise an issue on judicial review, it should raise that issue to LUBA. Nonetheless, we address the issue of Just's standing before LUBA because it implicates jurisdiction and may be raised for the first time on judicial review or raised by this court *sua sponte*. *See Just v. City of Lebanon (A122517)*, 193 Or App 132, 143 n 7, 88 P3d 312 (2004).