Argued and submitted May 8, affirmed July 9, 2008

Elizabeth JOHNSON,
Friends of the Metolius,
Pete Schay,
and The Confederated Tribes of
The Warm Springs Reservation of Oregon,
*Petitioners below,*

*and*

Tomas Finnegan RYAN
and Central Oregon LandWatch,
*Petitioners,*

*v.*

JEFFERSON COUNTY,
Gordon C. Jones, Jeffrey Jones,
and Ponderosa Land & Cattle Co., LLC,
*Respondents,*

*and*

Irwin B. HOLZMAN,
Dutch Pacific Resources,
and Shane Lundgren,
*Intervenors-Respondents below.*

Land Use Board of Appeals
2007015, 2007017, 2007019, 2007020,
2007023, 2007024, 2007028, 2007029; A138243

189 P3d 34

Tomas Finnegan Ryan argued the cause and filed the brief *pro se.*

Paul D. Dewey argued the cause and filed the brief for petitioner Central Oregon LandWatch.

David C. Allen argued the cause and filed the brief for respondent Jefferson County.

Christopher P. Koback argued the cause for respondents Gordon C. Jones and Jeffrey Jones. With him on the brief was Davis Wright Tremaine LLP.

Megan D. Walseth argued the cause for respondent Ponderosa Land & Cattle Company, LLC. With her on the brief were Steven P. Hultberg and Ball Janik LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Petitioners (Central Oregon LandWatch and Tomas Finnegan Ryan) seek review of a decision of the Land Use Board of Appeals (LUBA) that affirmed in part a decision of the Jefferson County Board of Commissioners to adopt certain amendments to the county's comprehensive plan (post-acknowledgment plan amendments) and zoning ordinances pertaining to destination resorts. The assignments of error raised by Central Oregon LandWatch are, for the most part, controlled by our decision in *Johnson v. Jefferson County (A138263)*, 221 Or App 156, 189 P3d 30 (2008). To the extent that petitioner Central Oregon LandWatch raises issues not addressed in the companion case, we reject its remaining arguments without discussion. Petitioner Ryan raises a different assignment of error, asserting that LUBA's rulings concerning certain land in the Camp Sherman area are internally inconsistent and unlawful in substance. We reject that assignment of error without discussion.

Affirmed.