Argued and submitted May 11, affirmed August 5, 2009

## FRIENDS OF THE METOLIUS
and Pete Schay,
*Petitioners,*

*v.*

## JEFFERSON COUNTY;
Dutch Pacific Resources, LLC; Shane Lundgren;
Gordon C. Jones; Jeffrey Jones;
and Irwin B. Holzman,
*Respondents.*

Land Use Board of Appeals
2008181, 2008182; A141383

213 P3d 1259

Bill Kloos argued the cause for petitioners. With him on the brief was Law Offices of Bill Kloos, PC.

Corinne C. Sherton argued the cause for respondent Irwin B. Holzman. With her on the brief was Johnson & Sherton PC.

David C. Allen argued the cause and filed the brief for respondent Jefferson County.

Christopher P. Koback and Davis Wright Tremaine LLP filed the brief for respondents Gordon C. Jones and Jeffrey Jones.

No appearance for respondents Dutch Pacific Resources and Shane Lundgren.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioners seek review of a final opinion and order of the Land Use Board of Appeals (LUBA) upholding Jefferson County's adoption of a comprehensive plan map that designated the Camp Sherman unincorporated community. Petitioners argue that there is a lack of substantial evidence that the adopted map accurately represents what the county has designated as the Camp Sherman unincorporated community. Respondents contend, and LUBA held, that that issue was resolved in earlier stages of this litigation and is not subject to review in this proceeding. We review LUBA's final order to determine whether it was unlawful in substance or procedure, ORS 197.850(9)(a), and affirm.

Jefferson County amended its comprehensive plan and zoning ordinance in 2007 and, in so doing, designated the Camp Sherman area as an unincorporated community. At that time, various parties challenged those amendments before LUBA. Petitioners were among those parties and alleged several violations of the administrative rules governing the designation of unincorporated communities pursuant to OAR chapter 660, division 22. Specifically, one of the subarguments was that the comprehensive plan map did not satisfy the requirements of OAR 660-022-0020(2).[1] LUBA denied three other subarguments, but sustained the subassignment of error that the comprehensive plan map was insufficient. *Johnson v. Jefferson County*, 56 Or LUBA 25, 51-56, *aff'd*, 221 Or App 190, 189 P3d 34 (2008).

LUBA explained its ruling on the comprehensive plan map:

"It is not clear from [petitioners'] subassignment of error whether it is arguing that there is no map that shows the boundaries of the Camp Sherman unincorporated community or whether there is such a map but the map is inadequate. The record includes the county's comprehensive plan

---

[1] OAR 660-022-0020(2) provides:

"Counties shall establish boundaries of unincorporated communities in order to distinguish lands within the community from exception areas, resource lands and other rural lands. The boundaries of unincorporated communities shall be shown on the county comprehensive plan map at a scale sufficient to determine accurately which properties are included."

map as one of the oversize exhibits. Each unincorporated community is shown on the comprehensive plan map in purple. The Camp Sherman unincorporated community is shown on that map.

> "*Although the petition for review could certainly be clearer, we understand [petitioners] to argue that the comprehensive plan map that shows the unincorporated communities is not at a 'scale sufficient' to identify the included properties. We agree with [petitioners].* The comprehensive plan map is at a scale of 1:100,000. At that scale, one inch on the map represents over a mile and a half on the ground. Unless the comprehensive plan map delineation of the unincorporated communities operates in concert with other larger scale official maps that more precisely delineate Camp Sherman, it would be impossible to 'determine accurately which properties are included' in the boundaries of the Camp Sherman unincorporated community. No party argues that there are larger scale maps that operate with the comprehensive plan map to allow the properties that are included in the county's unincorporated communities to be 'accurately' determined, as required by OAR 660-022-0020(2)."

*Johnson*, 56 Or LUBA at 52-53 (emphasis added; footnote omitted). Although other parties petitioned for judicial review of *Johnson* regarding issues unrelated to petitioners' arguments, petitioners did not participate in that petition.

On remand, the county considered all the issues that LUBA ordered the county to consider. The county amended its zoning ordinance and amended the text and map of its comprehensive plan, which included the adoption of a map at a larger scale. Petitioners acknowledged that "[t]he county's obligation on remand was to provide a map of the unincorporated community of Camp Sherman that is of sufficient scale to determine accurately what properties are included" and that the county had provided a map of sufficient scale. However, petitioners again appealed to LUBA, now alleging that "the county has not tied that map to any ordinance designating the footprint of an unincorporated community." Respondents argued that the county had addressed the mapping deficiency described in the remand instructions. The county stated that the new larger scale map adopted on remand was

generated from its mapping database using the "exact boundary" shown on the smaller scale map. Respondents argued that petitioners' position on appeal was "no longer challenging the *adequacy* of the * * * map, but rather the *source* of the Camp Sherman [unincorporated community] designation." (Emphasis in original.) Respondents argued that petitioners had not raised the source designation issue at the earlier LUBA proceeding, had offered no explanation why the source designation issue could not have been raised at that earlier proceeding, and, therefore, were foreclosed from seeking review of the source designation issue on remand.

LUBA agreed with respondents. LUBA found that, "in 2007 and again in 2008 the county adopted an amended comprehensive plan map that designated Camp Sherman as an unincorporated community." *Friends of the Metolius v. Jefferson County*, 58 Or LUBA 284, 291 (2009). Accordingly, LUBA affirmed:

> "If petitioners believed Camp Sherman does not qualify as a resort unincorporated community * * * or that the county's designation of Camp Sherman included lands that should not have been included or omitted lands that should have been included they could have made those arguments in their appeal of the 2007 ordinance * * *. [P]etitioners' challenge to the larger scale map that the county adopted on remand offers no argument that we can understand that would provide a basis for reversal or remand."

58 Or LUBA at 292-94.

On review, petitioners concede that the "adequacy of the map remained the only issue that could be challenged," but argue that the county must show evidence that each of the parcels designated on the map is within the Camp Sherman unincorporated community pursuant to the requirements of OAR chapter 660, division 22. Respondents renew their argument that petitioners' failure to raise that issue in the earlier proceeding foreclosed the reviewability of petitioners' argument in this proceeding. For the following reasons, we agree with respondents that petitioners' argument is not within our scope of review at this juncture.

We begin by clarifying the issue before us on review. On remand after *Johnson*, the county found that the 2008 map was "at a larger scale" than the 2007 map and that "[t]hese maps operate in concert with other larger scale official maps that more precisely delineate [the unincorporated community]." Petitioners did not complain to LUBA that those findings were unsupported by substantial evidence. *See* ORS 197.835(9)(a)(C) (requiring LUBA to reverse or remand a decision not supported by substantial evidence in the whole record). On appeal before LUBA in *Friends of the Metolius*, petitioners argued that the larger scale map approved by the county in 2008 was not tied to a prior ordinance designating Camp Sherman as an unincorporated community. Petitioners did not argue that the boundaries of the 2008 map were not the same as the boundaries on the 2007 map. Accordingly, to the extent that petitioners' argument on review to this court challenges the county's finding that the 2008 map is a larger scale version of the 2007 map, we do not address it. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court * * *."); *Citizens Against Irresponsible Growth v. Metro*, 179 Or App 12, 16, 17, 38 P3d 956 (2002) (refusing to consider an argument on review that the petitioners had failed to argue before LUBA).

We understand petitioners' argument on appeal before LUBA in *Friends of the Metolius* and on review to this court to challenge the county's compliance with the *first* sentence of OAR 660-022-0020(2). That first sentence provides that "[c]ounties shall establish boundaries of unincorporated communities in order to distinguish lands within the community from exception areas, resource lands and other rural lands."

The second sentence of OAR 660-022-0020(2) provides that "[t]he boundaries of unincorporated communities shall be shown on the county comprehensive plan map at a scale sufficient to determine accurately which properties are included." Petitioners conceded before LUBA in *Friends of the Metolius* that the county had fulfilled its obligations to provide such a sufficiently scaled map. Accordingly, we address only whether any alleged error in applying the first

sentence of OAR 660-022-0020(2) is within our scope of review.

We conclude that *Johnson* established that the county had complied with the requirements of the first sentence of OAR 660-022-0020(2). In that decision, LUBA specifically rejected any argument that there was "no map that shows the boundaries of the Camp Sherman unincorporated community." *Johnson*, 56 Or LUBA at 52. Instead, LUBA concluded that "[t]he record includes the county's comprehensive plan map" and that "[t]he Camp Sherman unincorporated community is shown on that map." *Id.* Accordingly, petitioners' *current* argument that the county did not properly establish boundaries of the unincorporated community as required under the first sentence of OAR 660-022-0020(2) was determined adversely to petitioners in *Johnson*. Petitioners had an opportunity to request review of that determination by this court at that time. Instead, petitioners decided not to petition for review, and LUBA's determination of that issue is final.

The Supreme Court has held that issues that LUBA decided in earlier proceedings, and upon which judicial review was not sought, are not subject to judicial review of a subsequent LUBA order. *Beck v. City of Tillamook*, 313 Or 148, 153, 831 P2d 678 (1992). Thus, when LUBA remands a case for further proceedings, the parties are limited to "new, unresolved issues" relating to those remand instructions and cannot raise any "issues that LUBA affirmed or reversed on their merits." *Id.* at 153.

*Beck* controls the outcome here. Consequently, where the issue pertaining to the first sentence of OAR 660-022-0020(2) was resolved in *Johnson* and, where petitioners concede that the county fulfilled its other obligations under that rule, we conclude that there is no remaining issue that properly falls within our scope of review.

Affirmed.