246 P.3d 493 (2010)
240 Or. App. 285
WASTE NOT OF YAMHILL COUNTY, Respondent,
v.
YAMHILL COUNTY; and Riverbend Landfill Company, Inc., Petitioners.
2010002; A146170.
Court of Appeals of Oregon.
Argued and Submitted October 6, 2010.
Decided December 29, 2010.
*494 Tommy A. Brooks, Portland, argued the cause for petitioners. With him on the brief were James E. Benedict and Cable Huston Benedict Haagensen & Lloyd LLP, and Rick Sanai, Senior Assistant County Counsel, Yamhill County.
William K. Kabeiseman, Portland, argued the cause for respondent. With him on the brief was Garvey Schubert Barer.
Before LANDAU, Presiding Judge, and ORTEGA, Judge, and SERCOMBE, Judge.
SERCOMBE, J.
This case concerns whether an opinion and order of the Land Use Board of Appeals (LUBA) is unlawful in substance. Petitioner Waste Not of Yamhill County and others appealed a Yamhill County land use decision to LUBA. The county land use decision had approved comprehensive plan and zoning changes, a floodplain development permit, and a site plan for a landfill expansion. Petitioner contended, among other things, that the county erred in taking a variance to an approval standard, an "exception" to a statewide planning goal, as part of the plan and zoning changes. Petitioner argued that the proposed landfill use was consistent with the statewide planning goal and that the exception was inappropriate. LUBA agreed and reversed the county approval. Waste Not of Yamhill County v. Yamhill County, ___ Or. LUBA ___ (2010). On review, respondents below, Yamhill County and Riverbend Landfill Company, Inc. (Riverbend), the landfill operator, contend that LUBA erred and that the exception was necessary in order to approve the plan and zone changes for the expansion land. We conclude that LUBA did not err in evaluating the arguments presented to it on the necessity for an exception and, accordingly, affirm.
In order to understand the history of the case and the parties' contentions about the sufficiency of the county's exception, we first describe the exception process. As provided by ORS 197.175, counties and cities are obliged to prepare land use comprehensive plans that are consistent with statewide planning goals adopted by the Land Conservation and Development Commission (LCDC).[1] *495 Some of those goals require plans to restrict the use or development of different types of resource lands, e.g., Goal 3 (Agricultural Lands), OAR XXX-XXX-XXXX(3), and Goal 4 (Forest Lands), OAR XXX-XXX-XXXX(4). When a city or county wishes to adopt a property-specific plan provision that is inconsistent with a goal requirement, it approves an exception to that goal requirement as part of the comprehensive plan. ORS 197.732(1)(b) and Goal 2, Part II, define an "exception" as
"a comprehensive plan provision, including an amendment to an acknowledged comprehensive plan, that:
"(A) Is applicable to specific properties or situations and does not establish a planning or zoning policy of general applicability;
"(B) Does not comply with some or all goal requirements applicable to the subject properties or situations; and
"(C) Complies with standards under subsection (2) of this section."
ORS 197.732(2) then describes three types of exceptions: for physically developed land that is not available for the goal use; for land that is "irrevocably committed" to a nongoal use; and for land needed for a use not allowed by a goal policy. The latter type of exception, a "reasons" or "need" exception is allowed by ORS 197.732(2)(c):
"A local government may adopt an exception to a goal if:
"* * * * *
"(c) The following standards are met:
"(A) Reasons justify why the state policy embodied in the applicable goals should not apply;
"(B) Areas that do not require a new exception cannot reasonably accommodate the use;
"(C) The long term environmental, economic, social and energy consequences resulting from the use at the proposed site with measures designed to reduce adverse impacts are not significantly more adverse than would typically result from the same proposal being located in areas requiring a goal exception other than the proposed site; and
"(D) The proposed uses are compatible with other adjacent uses or will be so rendered through measures designed to reduce adverse impacts."
This case involves a "reasons" exception to the requirements of Goal 3. That goal states that its aim is to "preserve and maintain agricultural lands" and provides that
"[c]ounties may authorize farm uses and those nonfarm uses defined by commission rule that will not have significant adverse effects on accepted farm or forest practices."
ORS 215.213 (for counties that have adopted marginal lands provisions) and ORS 215.283 (for other counties), in turn, set out allowed and conditional uses for areas zoned for exclusive farm uses. Those statutes have been replicated for the most part in an LCDC rule, OAR XXX-XXX-XXXX. ORS 215.213(2)(j) and ORS 215.283(2)(k) allow as a conditional use in an exclusive farm use zone:
"A site for the disposal of solid waste approved by the governing body of a city or county or both and for which a permit has been granted under ORS 459.245 by the Department of Environmental Quality together with equipment, facilities or buildings necessary for its operation."
The implementing rule for that use, OAR XXX-XXX-XXXX, however, restricts a solid waste disposal facility use on agricultural land in more specific ways. It allows the use described by ORS 215.213(2)(j) and ORS 215.283(2)(k) on "high-value farmland" only for maintenance, enhancement, or expansion of an "[e]xisting facilit[y] wholly within a farm use zone" and on other agricultural land if standards requiring minimal effects on farm and forest practices are met. OAR XXX-XXX-XXXX(8)(a) defines "high-value farmland" by soil productivity characteristics. See Lane County v. LCDC, 325 Or. 569, 582-83, 942 P.2d 278 (1997) (LCDC rules limiting nonfarm uses more strictly than state statute within the agency's authority).
The issues in this case concern the nature of the exception taken by the county in the local proceeding and whether LUBA erred in concluding that the exception was not necessary *496 to justify the plan amendments and associated zone changes.
Riverbend operates a landfill in Yamhill County. It seeks to expand that landfill to include property that is currently planned and zoned for exclusive farm uses. Riverbend applied for a number of land use approvals from the county to facilitate an expansion, including changing the plan designation for portions of the expansion area from Agriculture/Forestry Large Holding to Public and the implementing zoning for that area from EF-80 Exclusive Farm Use to PWS Public Works/Safety. The PWS zoning district allows landfill operations; the EF-80 zone does not. Riverbend also sought application of a limited overlay zoning district for the rezoned property to restrict future uses to landfill-related activities.
Following public hearings, the county adopted the requested land use approvals, together with explanatory findings. As required by ORS 197.175(2)(a), the county applied statewide planning goals adopted by LCDC in granting the requested plan amendments. The county used criteria imposed by ordinance, Yamhill County Zoning Ordinance (YCZO) 1208.02, in approving the zone changes.[2] As requested by Riverbend, the county also adopted a "reasons" exception to Statewide Planning Goals 2 and 3 in order to allow the plan amendments and zone changes from exclusive farm uses to the specific public works use.
Riverbend's application describes its request:
"Because the proposed expansion would, in part, be located on agricultural lands that are currently zoned EFU, the County must authorize an exception to the statewide policy in Goal 3 (Agricultural Lands) to preserve agricultural lands for farm uses.
"If the existing Riverbend Landfill were wholly within a farm use zone, it could be maintained, enhanced, or expanded on the same tract with conditional use approval under the OAR for Agricultural Land (OAR XXX-XXX-XXXX(18)). However, this option is not available for the expansion of Riverbend Landfill due to the following reasons:
 The existing Riverbend Landfill is zoned PWS, not EFU;
 The Yamhill County Zoning Ordinance is more restrictive than state law and does not list a sanitary landfill as a conditional use in the EFU zone; and
 The PWS district is the only zone in the County that allows a sanitary landfill as a permitted or conditional use."
The ordinance under review approved the comprehensive plan amendments, zone changes, floodplain development permit, and site design review applications "as detailed in the Findings for Approval * * * by this reference incorporated herein." The findings explain that, because "portions of the landfill expansion area are currently zoned Exclusive Farm Use ('EFU') and are proposed to be zoned Public Works/Safety (`PWS'), the findings also address relevant criteria and standards required for an exception to Statewide Planning Goal 3 (Agricultural Lands)." The findings further described the exception:

*497 "The proposed expansion of Riverbend Landfill requires a Plan Amendment and Zone Change to accommodate the expansion onto land that is currently zoned as EFU. State statutes and rules generally allow the expansion of landfills onto EFU lands, even where high-value farmland is involved. ORS 215.283(2)(k); OAR XXX-XXX-XXXX. The YCZO, however, is more restrictive than state law, and the only zone in Yamhill County which allows a landfill [is] the PWS zone. Thus, despite a state policy that allows landfills on EFU land, the PA/ZC is necessary to convert the EFU zone to PWS."[3]
The county findings later described the need for the land to be "zoned PWS" and "an exception to Goal 3 to accommodate that change." The findings further explain:
"Expansion of the Riverbend Landfill is otherwise not allowed by the applicable Goals, because Goal 3, as implemented by the County, does not allow landfills on EFU land. The Board therefore is granting an exception to Goal 3, as requested in [Riverbend's] application and will set forth a justification for that exception in the County's comprehensive plan as required by this rule."
(Emphasis in original.)
Petitioner and others appealed the approval ordinance to LUBA, asserting a number of assigned errors. The fourth assignment of error was that "the county erred in taking an exception to allow a use already permitted within Goal 3 protected lands." Petitioner characterized the exception set out in the county findings:
"The findings indicate that this exception is required because the Yamhill County Zoning Ordinance, YCZO, does not allow landfills on EFU designated lands. Rather they are permitted only on lands zoned PWS. Therefore, even though the County acknowledges that state law allows the expansion of landfills onto EFU lands under ORS 215.283(2)(k) and OAR XXX-XXX-XXXX, the YCZO is more restrictive and, because the YCZO is more restrictive than state law, the County took a reasons exception to Goal 3."
With this premise, petitioner argued that an exception could not be taken to Goal 3 in order to allow a use permitted under the goal. Petitioner relied on DLCD v. Yamhill County, 183 Or.App. 556, 53 P.3d 462 (2002), rev. dismissed, 336 Or. 126, 81 P.3d 709 (2003). In that case, we held that it was impermissible to adopt a reasons exception to Goal 3 in order to permit development of a nonfarm dwelling on agricultural land when the goal itself allowed nonfarm dwellings in some circumstances. After setting out the regulatory context for goal exceptions, we concluded:
"That context demonstrates that the exceptions process is not designed to allow plan amendments and zone changes in order to permit uses that are, in fact, allowed by the applicable goals. * * *
"In sum, there is no basis in either the relevant statutes or the rules from which to conclude that a `use not allowed by the applicable goal,' [OAR] XXX-XXX-XXXX(2), includes uses that specifically are permitted by the applicable goal under some circumstances. Rather, a use that is permitted under the applicable goal must conform to the requirements of the goal. It is only when a use is not permitted at all under the applicable goal that the exceptions process may come into play."
*498 Id. at 561-62, 53 P.3d 462 (emphasis in original).
Petitioner argued that the same logic applied in the case under reviewthat Goal 3 allowed the outright or conditional uses listed in ORS 215.283, including a "site for the disposal of solid waste" and that an exception to Goal 3 could not be taken to justify zoning for that use. In response, respondents did not dispute the premise of petitioner's argumentthat Goal 3 allowed the location of a "site for the disposal of solid waste" on agricultural land. Respondents agreed that, "[a]lthough the expansion of a solid waste facility may be permitted in an EFU zone, in this case such a facility cannot be permitted because of the County's local regulations." Respondents reasoned that an exception was necessary because local law precluded the landfill use:
"In contrast to the decision in DLCD v. Yamhill County, [Riverbend] has no alternative course for achieving the same result (expanding the landfill) without taking an exception and rezoning the property. Although state law potentially allows a solid waste disposal site in the EFU zone, a solid waste disposal site is allowed in Yamhill County only on land zoned PWS. The only option for [Riverbend] is to rezone the property, which requires an exception. Thus, DLCD v. Yamhill County is inapposite."
LUBA sustained the fourth assignment of error:
"We agree with petitioners that DLCD v. Yamhill County controls our decision in the present appeal. The relevant question under the rules governing the exceptions process is whether the proposed use is allowed by the goals. The fact that the county has chosen not to allow landfills on EFU land in the county is immaterial in determining whether landfills are uses allowed by Goal 3. The holding in DLCD v. Yamhill County requires that we reverse the county's decision. Under the holding in DLCD v. Yamhill County, the county may not approve an exception to allow a use that is allowed by Goal 3 and the statutory EFU zone. If the county wishes to allow landfills on agricultural land, it must amend its EFU zone to allow them under the standards set forth in the statutory EFU zone, with any supplementary regulation that the county wishes to adopt."
Waste Not of Yamhill County, ___ Or. LUBA at ___ (slip op at 6).
On review, respondents contend that LUBA erred because (1) an exception can be used to avoid a use limitation in an ordinance that generally implements Goal 3the county's EFU ordinanceeven if the specific ordinance preclusion is not required by the goal; (2) the LCDC regulations listing allowed EFU uses that are incorporated into Goal 3 allow expansion of landfills on high-value farmland only when the existing landfill is zoned EFU, which is not the case here, so that an exception to that use limitation is necessary; and (3) the holding in DLCD v. Yamhill County has been superseded by a 2005 change to the exceptions statute, ORS 197.732(3)(a), that required LCDC rules to recognize an exception for a "use authorized by a statewide planning goal that cannot comply with the approval standards for that type of use."
With respect to respondents' first contention, petitioner counters that an exception cannot be taken to the application of a local ordinance, only to a limitation imposed by a statewide planning goal on the content of a comprehensive plan. Petitioner adds that, not only were respondents' latter two contentions not made to LUBA, respondents made inconsistent claims in the agency proceedings. Petitioner argues that, before LUBA, respondents asserted that (1) state law allowed landfills on high-value farmland and that an exception was needed only to avoid the more restrictive local ordinance and not the operation of state law and (2) DLCD v. Yamhill County was correct, but inapposite. Petitioner contends that respondents cannot now argue to the contrarythat (1) state law precludes the landfill use and requires an exception and (2) DLCD v. Yamhill County should be overruled because of subsequent changes to the policies regulating the taking of exceptions. We agree with petitioner.
*499 Respondents' first contentionthat an exception can be taken to avoid a use preclusion that is imposed by local lawis inconsistent with the statutory and rule definition of "exception." As noted above, ORS 197.732(1)(b) and Goal 2, Part II, define "exception" as "a comprehensive plan provision * * * that * * * [d]oes not comply with some or all goal requirements * * *." An exception avoids the imposition of goal requirements that otherwise apply to the adoption or amendment of a comprehensive plan. A zoning ordinance is not a "goal requirement." If the county wishes to change its zoning allowance for landfills, it can amend its comprehensive plan to authorize that new zoning policy if the amendment meets applicable goal requirements. The county needs no separate excuse or exception to the old zoning law itself to authorize the plan amendment. Respondents' argumentthat the county must except to a zoning law in order to change itis without legal support. See also YCZO 1208.02 (setting out zone change approval criteria).
Respondents' remaining contentions were not presented to LUBA and differ to a significant degree from their arguments to LUBA. Again, the parties argued to LUBA about the viability of an exception under DLCD v. Yamhill County when the requested use is allowed by Goal 3. Respondents argued that the holding in that case did not apply because the landfill use is precluded by the local EFU zoning district. Respondents now claim that DLCD v. Yamhill County does not apply because the use is precluded by Goal 3 itself or that DLCD v. Yamhill County should be disavowed because of subsequent changes to the text of the statute and rule on exceptions. Respondents' new arguments were not preserved.
ORAP 5.45 provides, "No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the face of the record." That preservation requirement is particularly acute in land use review proceedings. We explained in VanSpeybroeck v. Tillamook County, 221 Or. App. 677, 691 n. 5, 191 P.3d 712 (2008):
"Under the statutes that apply to review of quasi-judicial local government land use decisions, the failure to raise an issue to a local decision-maker precludes appeal to LUBA based on that issue. ORS 197.195(3)(c)(B); ORS 197.763(5)(c); ORS 197.835(3). Moreover, review of local government land use decisions is subject to statutory deadlines for LUBA, ORS 197.830(14), and this court, ORS 197.855(1). That statutory framework suggests that issues be preserved at the local government level for board review, and at LUBA level for judicial review, in sufficient detail to allow a thorough examination of the issue by the decision-maker, so as to potentially obviate the need for further review or at least to make that review more efficient and timely."
We recently rejected arguments made by a city and property owner who had sought review of an adverse LUBA decision in this court. The arguments were based on specific statutes and administrative rules that were not invoked before LUBA. We explained:
"`Generally, a party must raise an issue to LUBA to preserve it for judicial review.' Just v. City of Lebanon (A122519), 193 Or.App. 155, 157-58 n. 2, 88 P.3d 936 (2004). * * * Just as a court, LUBA is not obligated to make or develop a party's arguments when the party does not endeavor to do so itself."
Barnes v. City of Hillsboro, 239 Or.App. 73, 81, 243 P.3d 139 (2010) (and citations omitted); see also Estremado v. Jackson County, 238 Or.App. 93, 100, 241 P.3d 748 (2010) (declining to address issues not preserved before LUBA); Friends of the Metolius v. Jefferson County, 230 Or.App. 150, 154-56, 213 P.3d 1259 (2009) (same). We decline to address respondents' new contentions about the use being precluded by state law or subsequent changes in law as affecting the breadth of the holding in DLCD v. Yamhill County.
Moreover, the county did not expressly take an exception to allow a landfill on high-value farmland. LUBA cannot be faulted in failing to affirm an action not taken. It may very well be that Riverbend's intended use, expansion of a landfill on agricultural land, is *500 a use precluded by Goal 3. The goal inhibits nonfarm uses on agricultural land that are not "defined by commission rule." OAR XXX-XXX-XXXX disallows landfill expansions on "high-value farmland" unless the expansion is of an "[e]xisting facilit[y] wholly within a farm use zone." The existing landfill is not within a farm use zone. The county, however, did not take an exception to allow a landfill on high-value farmland; the exception findings do not even identify the soil characteristics of the three exception tracts. LUBA's remand to the county will allow a more careful focus on the plan designation and nature of any exception to be taken for the expansion area, as well as the implementing zoning for that plan designation.
Affirmed.
NOTES
[1] ORS 197.175 provides, in part:

"(1) Cities and counties shall exercise their planning and zoning responsibilities * * * in accordance with ORS chapters 195, 196 and 197 and the goals approved under ORS chapters 195, 196 and 197. * * *
"(2) Pursuant to ORS chapters 195, 196 and 197, each city and county in this state shall:
"(a) Prepare, adopt, amend and revise comprehensive plans in compliance with goals approved by the commission;
"* * * * *
"(d) If its comprehensive plan and land use regulations have been acknowledged by the commission, make land use decisions and limited land use decisions in compliance with the acknowledged plan and land use regulations; and
"(e) Make land use decisions and limited land use decisions subject to an unacknowledged amendment to a comprehensive plan or land use regulation in compliance with those land use goals applicable to the amendment."
[2] YCZO 1208.02 provides that zone changes meet the following criteria:

"(A) The proposed change is consistent with the goals, policies and any other applicable provisions of the Comprehensive Plan.
"(B) There is an existing, demonstrable need for the particular uses allowed by the requested zone, considering the importance of such uses to the citizenry or the economy of the area, the existing market demand which such uses will satisfy, and the availability and location of other lands so zoned and their suitability for the uses allowed by the zone.
"(C) The proposed change is appropriate considering the surrounding land uses, the density and pattern of development in the area, any changes which may have occurred in the vicinity to support the proposed amendment and the availability of utilities and services likely to be needed by the anticipated uses in the proposed district.
"(D) Other lands in the County already designated for the proposed uses are either unavailable or not as well-suited for the anticipated uses due to location, size or other factors.
"(E) The amendment is consistent with the current Oregon Administrative Rules (OARs) for exceptions, if applicable."
[3] The findings on Goal 3 compliance echo the reasoning of that findingthat Goal 3 allows landfills on farmland and that the exception is necessary to avoid local zoning restrictions:

"[Riverbend's] proposal is to expand the existing Riverbend Landfill onto contiguous parcels that are categorized as high-value farmland and zoned for EFU by the County. The County's EFU District (Section 402) largely parallels the list of permitted uses and conditional uses authorized by state law under ORS 215 and OAR 660, Division 33 (Agricultural Land), with one important distinction: under ORS 215.283(2), a site for the disposal of solid waste may be established, subject to approval of the governing body or its designee, in any area zoned for EFU subject to ORS 215.296. "Because the County, unlike the state, does not provide the opportunity for expansion of the landfill as a conditional use in the EFU district, the only option available to RLI is to proceed through the process of obtaining a goal exception to change the comprehensive plan and zoning designations for the landfill expansion area from EFU to PWS."