On petitioners' petition for reconsideration and clarification filed January 12, and respondent's response to petition for reconsideration and clarification filed January 18, 2011, reconsideration allowed; former opinion (240 Or App 285, 246 P3d 493 (2010)) modified and adhered to as modified February 23, 2011

## WASTE NOT OF YAMHILL COUNTY,
*Respondent,*

*v.*

## YAMHILL COUNTY;
and Riverbend Landfill Company, Inc.,
*Petitioners.*

### Land Use Board of Appeals
2010002; A146170

255 P3d 496

James E. Benedict, Tommy A. Brooks, and Cable Huston Benedict Haagensen & Lloyd LLP, and Rick Sanai, Senior Assistant County Counsel, for petition.

William K. Kabeiseman, Jennifer Bragar, and Garvey Schubert Barer for response.

Before Ortega, Presiding Judge, and Rosenblum, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Respondents Yamhill County and Riverbend Landfill Company, Inc., seek reconsideration of our opinion in *Waste Not of Yamhill County v. Yamhill County*, 240 Or App 285, 246 P3d 493 (2010), to clarify the disposition of the case.[1] We grant reconsideration to remove a sentence of the opinion that is inconsistent with our affirmance of the Land Use Board of Appeals (LUBA) opinion and order under review, and otherwise adhere to the opinion as modified.

In *Waste Not of Yamhill County*, we affirmed a LUBA opinion and order that had reversed the county's approval of a comprehensive plan amendment, zone change, and an exception to Statewide Planning Goal 3 (Agricultural Lands). LUBA had directed that the local land use decision be reversed because it concluded that the goal exception was "prohibited as a matter of law." *Waste Not of Yamhill County v. Yamhill County*, 61 Or LUBA 423, 427 (2010). Under OAR 661-010-0071(1), LUBA is authorized to reverse a land use decision when the local government governing body exceeds its jurisdiction or makes an unconstitutional decision, or when the "decision violates a provision of applicable law and is prohibited as a matter of law."[2]

In the review proceedings before this court, we affirmed the LUBA opinion and order on the grounds that respondents' contentions were either incorrect or not preserved. We also observed that the county had not taken a potentially available exception to Goal 3, and that "LUBA cannot be faulted in failing to affirm an action not taken." 240 Or App at 297. Following that observation, we noted that

> "LUBA's remand to the county will allow a more careful focus on the plan designation and nature of any exception to be taken for the expansion area, as well as the implementing zoning for that plan designation."

---

[1] We refer to the parties by their designations in the LUBA proceedings under review.

[2] By contrast, under OAR 661-010-0071(2), a local government land use decision can be remanded by LUBA if the "decision improperly construes the applicable law, but is not prohibited as a matter of law."

That *dictum* about the nature of the remand proceedings before the county was entirely inconsistent with LUBA's reversal of the local government decision and our affirmance of that opinion and order. We have no basis to send back that order to LUBA so that LUBA can change its disposition to a remand to the county. *See* ORS 197.850(9)(a) (allowing reversal or remand of a LUBA order if the court finds the order "to be unlawful in substance"). We therefore modify our opinion by deleting the following at 240 Or App at 297:

> "LUBA's remand to the county will allow a more careful focus on the plan designation and nature of any exception to be taken for the expansion area, as well as the implementing zoning for that plan designation."

Reconsideration allowed; former opinion modified and adhered to as modified.